UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH CLARK, KEISHA STREETER CLARK**, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, <br><br> Defendant. | Civil Action No. 21-1541 (TSC) |

**MEMORANDUM OPINION**

Plaintiffs Joseph Clark and Keisha Streeter Clark are the parents of T.C., an elementary school student with specific learning disabilities. The Clarks allege that Defendant District of Columbia and its public school system, District of Columbia Public Schools ("DCPS"), failed to develop an appropriate individualized education program ("IEP") for T.C. in February 2020 and consequently denied T.C. a free and appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

The matter first came before an administrative hearing officer, who ruled in a Hearing Officer's decision or "HOD" that the February 2020 IEP was appropriate. The Clarks then appealed to this court, seeking to overturn the HOD's findings. Compl., ECF No. 1. Both parties filed motions for summary judgment. *See* Pls.' Mot. for Summ. J., ECF No. 28-1; Def's Mot. for Summ. J., ECF No. 31. The matter was then referred to Magistrate Judge G. Michael Harvey, who wrote a Report and Recommendation ("Report") recommending that this court DENY Plaintiffs' Motion for Summary Judgment and GRANT Defendant's Motion for Summary Judgment. *See* Report, ECF No. 36. Plaintiffs objected to the Report, Defendant

responded to Plaintiffs' objections but did not object, and Plaintiffs provided a reply.  *See* Pls.' Obj., ECF No. 37; Def.'s Resp., ECF No. 38; Pls.' Reply, ECF No. 39.

Upon consideration of the Report, Plaintiffs' objections, the briefing and the record, the court will adopt the Report over the Clarks' objections, GRANTING Defendant's Motion for Summary Judgment and DENYING Plaintiffs' Motion for Summary Judgment.

## I.     LEGAL STANDARD

"[A] magistrate judge's report and recommendation is reviewed de novo." *Bode & Grenier, LLP v. Knight*, 821 F. Supp. 2d 57, 60 (D.D.C. 2011) (internal quotation marks and citation omitted).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b).  When objecting to a report and recommendation, "the parties may not present new issues or arguments to the district judge." *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (internal quotation marks and citation omitted).  "And 'when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Id.* (quoting *Alaimo v. Bd. of Educ. of the Tri–Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)).

Having reviewed this case de novo, the court agrees with the entirety of the Report and will adopt and incorporate its analysis and conclusions as its own.  The court provides supplemental analysis here in response to the Clarks' objections.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Moreover, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*,

447 U.S. 242, 249–50 (1986) (citations omitted).  Once the moving party meets its burden, the non-moving party must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## II.     ANALYSIS

### A. <u>Objection #1: The Magistrate Judge's Report was based upon some incorrect facts unsupported by the evidence in the Administrative Record</u>

The Clarks argue that the Magistrate Judge's Report was based on incorrect facts, including that the Clarks "disavowed" their belief that T.C. required an education program entirely outside of the general education setting, that the Clarks' expert Dr. Ida Holman wrote a letter to the Hearing Officer after the hearing, recommending that T.C. receive a full-time special education program, and that special education teacher Holly Nantais testified that T.C. received Wilson reading interventions as part of the challenged IEP.  *See* Pls.' Obj. at 2–3; Report at 23.  According to the Clarks, they never held the position that T.C. needed a full-time out of general education setting, Dr. Holman sent a letter directly to DCPS before the hearing, and Nantais did not testify that T.C. received Wilson reading interventions or that the February 2020 IEP was intended to provide T.C. with a reading intervention.  *See* Pls.' Obj. at 2–3.

None of these alleged errors impacted the Magistrate Judge's ultimate finding that the Defendant provided T.C. with an appropriate IEP in February 2020.  *See* Report at 28.  First, the Clarks make clear that their position on whether T.C. received a full-time general education placement is irrelevant.  *See* Pls' Obj. at 2.  They write that the "allegation certified for hearing was 'Did Respondent fail to provide the Student with an appropriate Individualized Education Program ("IEP") in or about…February 2020?" not whether T.C. needed a full-time general education placement.  *Id.*  Second, it is immaterial whether Dr. Holman sent a letter to the Hearing Officer or DCPS before the hearing because the Hearing Officer heard testimony from

Dr. Holman that reflected her thoughts and findings set forth in the letter.  *See* Report at 6.  In addition, the Magistrate Judge correctly cited to testimony from Nantais, in which she stated that T.C. received Wilson reading interventions.  *See* Report at 38 (citing ECF No. 27-3 at 669 ("Q: Wilson is not what you did with [T.C.] correct? A: Well, [T.C.] had both Wilson and Read Naturally.")).  Even if the Clarks' factual allegations are correct, the Clarks have not shown how the alleged inaccuracies would have impacted the Magistrate Judge's analysis or altered his conclusions.  Accordingly, the court rejects the Clarks' first objection.

### B. **Objection #2: The Magistrate Judge erred in finding that the Hearing Officer properly applied the burden of persuasion**

The Clarks primarily argue that "it was DCPS's burden to prove their IEP was appropriate" and the Hearing Officer's analysis of whether DCPS met this burden should not have included an assessment of whether "T.C. needed a fully segregated program."  Pls.' Obj. at 3.  But this objection merely rehashes the arguments the Clarks made in their Motion for Summary Judgment.  *See* Pls' Mot. for Summ. J. at 1–13.  Both attempts are unavailing.

The Magistrate Judge properly found that the burden of persuasion regarding the appropriateness of an IEP falls on the school district during an administrative hearing.  *See* Report at 16–17 (citing D.C. Code § 38-2571.03(6)(A)(i)).  He wrote: "[a]lthough the HOD contains a discussion of why T.C. did not require total segregation from the general education setting…it nevertheless contains an acceptable 'affirmative analysis' of the [February 2020] IEP."  *Id.* at 18.

The Clarks now argue that the Magistrate Judge "mis-cited the burden when he cited *Brown v. District of Columbia* for the proposition that the Plaintiffs had the burden to prove the IEP appropriate."  Pls.' Obj. at 4.  However, the Clarks confuse the Magistrate Judge's recitation of the burden of persuasion for an appeal with his recitation of the proper burden for an

administrative hearing. After correctly identifying the burden of persuasion for administrative hearings, the Magistrate Judge stated that the burden of persuasion for *an appeal* of an administrative hearing falls on the moving party. *See* Report at 14 (citing *Brown v. District of Columbia*, No. 17-cv-348, 2019 WL 3423208, at *6 (D.D.C. July 8, 2019) ("The party challenging the [HOD] must show by a preponderance of the evidence that the hearing officer's decision is incorrect."))

Thus, the court finds that the Magistrate properly identified the relevant burdens and agrees that the Hearing Officer's consideration of allegedly overinclusive information did not improperly shift the burden to the Clarks. Consequently, the court rejects the second objection.

## C. **Objection #3: The Magistrate Judge erred in finding DCPS's February 2020 IEP appropriate**

Plaintiffs argue that the Magistrate Judge erroneously claimed that the HOD "was primarily focused on whether DCPS had adequately justified the February 2020 IEP" given that the HOD did not cite to the DCPS's reasoning. *See* Pls.' Obj. at 4. Plaintiffs again rehash arguments from their Motion for Summary Judgment. *See* Pls.' Mot. for Summ. J. at 9; 40–41.

In addition to reviewing the Hearing Officer's determinations, the Magistrate Judge came to his own conclusion that the February 2020 IEP was appropriate. *See* Report at 29–36. He found that the February 2020 IEP provided T.C. with ten hours of specialized instructional time, which was double the specialized instruction time offered in T.C.'s January 2019 IEP and included five hours outside of the general education setting. *Id.* at 29–30. The Magistrate Judge, like the Hearing Officer, considered that T.C. had made "academic progress under the January 2019 IEP," so doubling the amount of instruction time seemed targeted at further academic progress. *Id.* at 31. Likewise, the Magistrate Judge and the Hearing Officer were not persuaded by the Clarks' argument that the IEP might contain too many goals. *Id.* at 33–34 ("the IEP was

not infirm merely because it contained more goals than T.C. might have had time to achieve."). And although the Magistrate Judge considered the fact that Nantais stated that T.C. received Wilson reading interventions, he properly found that the Defendant was not required to list in the IEP the specific type of reading interventions a student would receive.  *See* Report at 36–37 (citing *O'Toole ex. rel. O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 233*, 144 F.3d 692, 706 (10th Cir. 1998) ("IEPs are not required to provide the level of detail found in monthly instructional plans."); *G.L. ex rel. S.H. v. Saucon Valley Sch. Dist.*, 267 F. Supp. 3d 586, 609 (E.D. Pa. 2017) ("The legally required content of an IEP does not include categorical program details, e.g., re-stating the embedded services of learning support . . . ." (internal citation omitted)); *E.W.K. ex rel. B.K. v. Bd. of Educ. of Chappaqua Cent. Sch. Dist.*, 884 F. Supp. 2d 39, 51 (S.D.N.Y. 2012)).  The court agrees that the totality of the evidence demonstrates that the February 2020 IEP was appropriate.  As a result, the court rejects the third objection.

### III.   CONCLUSION

For these reasons, the court will GRANT Defendant's Motion for Summary Judgment, ECF No. 31, and DENY Plaintiffs' Motion for Summary Judgment, ECF No. 28.

Date: March 31, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge